UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-091 JD |
| | ) | 3:15-CV-601 JD |
| DARRON A. WEBB (01) | ) | |

## **OPINION AND ORDER**

Now before the Court are two filings by the defendant, Darron A. Webb. The first, entitled Motion for Erroneous Sentencing, argues that the Court incorrectly calculated the Sentencing Guidelines as to Mr. Webb's offense. [DE 108]. The second, which is a motion to vacate Mr. Webb's sentence under 28 U.S.C. § 2255, similarly argues that Mr. Webb's counsel rendered ineffective assistance by allowing his guideline range to be calculated incorrectly and failing to advise him as to the proper calculation in connection with his plea. [DE 109]. However, Mr. Webb's guideline range was calculated correctly, and the advice Mr. Webb received from his attorney was sound. Moreover, Mr. Webb's plea agreement contained a binding agreement as to his term of imprisonment, so the guideline range did not drive his sentence, anyway. Mr. Webb's motions must therefore be denied.

By way of background, Mr. Webb was indicted on November 12, 2014 on twelve counts, including one count of possessing with intent to distribute over 100 grams of heroin, nine counts of distributing heroin, one count of conspiracy to distribute heroin, and one count of possessing a firearm as a felon. [DE 1]. Mr. Webb eventually entered into a plea agreement by which he agreed to plead guilty to possessing with intent to distribute over 100 grams of heroin. [DE 40]. The plea agreement also included a binding agreement that Mr. Webb would receive a sentence of imprisonment of 10 years. Thus, for the Court to accept Mr. Webb's plea agreement, the Court would have to sentence Mr. Webb to 10 years of imprisonment.

In calculating the advisory Sentencing Guidelines for Mr. Webb's offense, the Presentence Report began with a base offense level of 28 pursuant to § 2D1.1(c) because Mr. Webb's relevant conduct involved at least 700 grams of heroin. Mr. Webb then received four additional offense levels for possessing a firearm and making threats of violence, and his offense level was then decreased by three levels for acceptance of responsibility. This produced a total offense level of 29. With a criminal history category of IV, Mr. Webb's advisory sentencing range was 121 to 151 months of imprisonment. Neither party objected to the Presentence Report, and the Court adopted those calculations at sentencing. After considering the factors under 18 U.S.C. § 3553(a), the Court accepted Mr. Webb's plea agreement and imposed the parties' agreed-upon sentence of 120 months of imprisonment.

In his present filings, Mr. Webb argues that the Guidelines were calculated incorrectly because he only pled guilty to possessing over 100 grams of heroin, yet his base offense level held him accountable for over 700 grams of heroin. Mr. Webb further states that his attorney "allowed and advised Mr. Webb to sign a plea in which the offense level was based on the relevant conduct of the case, when in fact according to the Guidelines Manu[a]l a defendant's offense level should be based on the charge(s) pled out to. Not based on relevant conduct." [DE 109]. However, the advice Mr. Webb received from his attorney was correct, and his base offense level was properly calculated based on his relevant conduct, not only the drug quantity to which he pled guilty. Pursuant to § 1B1.3(a), the Guidelines must be calculated based on all of the defendant's acts "that occurred during the commission of the offense of conviction," in addition to all of the defendant's acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(1), (a)(2). Thus, as stated in the application notes to the drug quantity table, "quantities of drugs not specified in the count of

conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 cmt. n. 5. And as the Seventh Circuit stated in *United States v. Redmond*, a defendant's "offense level is calculated by determining the amount of drugs associated within the same course of the defendant's conduct, and *not simply the amount associated with the particular offenses of conviction*." 667 F.3d 863, 875 (7th Cir. 2012) (emphasis added); *see also United States v. Austin*, 806 F.3d 425, 433 (7th Cir. 2015) (same).

The advice Mr. Webb alleges he received from his attorney is completely consistent with those rules. Accordingly, far from receiving ineffective assistance of counsel, Mr. Webb was well-advised. Even though Mr. Webb's offense of conviction was for possessing with intent to distribute over 100 grams of heroin, the Guidelines required the Court to consider all amounts of drugs that Mr. Webb distributed or possessed in the same course of conduct as his offense of conviction. The parties did not dispute at sentencing, and Mr. Webb does not dispute now, that those amounts exceeded 700 grams of heroin, so Mr. Webb's base offense level was properly calculated as 28. Mr. Webb's guideline range was therefore correct.

Moreover, Mr. Webb has not shown that the guideline calculation had any effect on his sentence. The plea agreement the parties entered contained a binding agreement that Mr. Webb would receive a sentence of 120 months of imprisonment. That meant that if the Court accepted the plea agreement, it had to impose that sentence, regardless of where the guideline range fell. Fed. R. Crim. P. 11(c)(4). After considering all of the pertinent factors, the Court agreed with the parties that a sentence of 120 months of imprisonment was reasonable, and it imposed that sentence. Thus, Mr. Webb got exactly the sentence that he sought, so he could not have been harmed even if his guidelines range was erroneous (though it was not).

Therefore, Mr. Webb's motion under § 2255 [DE 109] is DENIED. Because no reasonable jurist could find that Mr. Webb's claim has any merit, the Court also DENIES the issuance of a certificate of appealability. Mr. Webb's Motion for Erroneous Sentencing [DE 108] is likewise DENIED, since not only was Mr. Webb's guideline range correct, the Court has no authority to modify his sentence on that basis. 18 U.S.C. § 3582(c).

The Court advises Mr. Webb that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability on a motion under § 2255, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Webb that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED: January 14, 2016

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court